UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> HUNDAL TRUCK LINE-HTL, LLC, <br><br> Defendant. | No. 2:15-cv-02670-GEB-EFB <br><br> **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURSIDICTION** |

Plaintiff moves for "an Ex Parte Writ of Possession as against Defendant Hundal Truck Line-HTL, LLC ('HTL')." (Mem. of P. & A. ISO Pl.'s Appl. ("Appl.") 2:2-3, ECF No. 5-2.) It also moves in the alternative for a writ of possession after a hearing, and a temporary restraining order pending the hearing. (Appl. 2:3-4.) Plaintiff, however, has not shown that the federal court has subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

1

1         "[A] district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

         Plaintiff alleges in its Complaint that "[j]urisdiction exists in Federal Court by virtue of diversity of citizenship[ under] 28 U.S.C. § 1332(a)(1)." (Compl. ¶ 3, ECF No. 2.) It further alleges that HTL "was, and still is, a limited liability company." (Compl. ¶ 2.) These allegations are insufficient to satisfy Plaintiff's burden of alleging diversity of citizenship required for diversity subject matter jurisdiction. The Ninth Circuit held in Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006), "an LLC is a citizen of every state of which its owners/members are citizens." Plaintiff, however, fails to allege the citizenship of HTL's owners/members.

         Since Plaintiff has not established that the federal court has subject matter jurisdiction over this action, this action is dismissed.

Dated:  January 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2